This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40017**

**STATE OF NEW MEXICO ex rel. CHILDREN, YOUTH & FAMILIES DEPARTMENT,**

   Petitioner-Appellee,

v.

**SHANNON U.,**

   Respondent-Appellant,

and

**JASON M.,**

   Respondent,

**IN THE MATTER OF JAY DECLAN M.,**

   Child.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Kathleen A. McGarry, District Judge**

Children, Youth and Families Department
Mary McQueeney, Acting Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Ernest O. Pacheco
Santa Fe, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}** Shannon U. (Mother) appeals the termination of her parental rights. [MIO 9] In our notice of proposed disposition, we proposed to affirm. [CN 1, 6] Mother filed a memorandum in opposition that we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In her memorandum in opposition, Mother maintains that the Children, Youth and Families Department (the Department) did not make reasonable efforts to assist her in alleviating the causes and conditions that brought Child into custody. [MIO 9] Specifically, Mother argues that the Department's efforts were unreasonable because it did not ensure that Mother had access to a psychiatrist and possibly medication for her anxiety. [MIO 12] Mother also argues that the Department's efforts were not reasonable because though the Department enrolled Mother in inpatient drug treatment, they did not do so as soon as Mother would have liked. [MIO 13] As we explained in our notice of proposed disposition, the Department is not required to do everything possible, and our job on appeal is to determine whether the Department complied with the minimum required by law. [CN 3] Moreover, "[the Department] is only required to make reasonable efforts, not efforts subject to conditions unilaterally imposed by the parent." *State ex rel. Child., Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 27, 132 N.M. 299, 47 P.3d 859. Though Mother may have preferred to receive different services than those she received, nothing in her memorandum in opposition persuades this Court that the efforts actually made by the Department were legally inadequate. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{3}** For the reasons stated in our notice of proposed disposition and herein, we affirm the termination of Mother's parental rights.

**{4}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**